## S. B. BOSWELL *vs.* SAMUEL L. CUTTER.

Middlesex. January 12, 1875. AMES & ENDICOTT, JJ., absent.

In an action on a judgment of a District Court of California, rendered upon a de-
fault, it appeared that, at the time of service in the original action, the defendant
lived within the jurisdiction of the court by which the judgment was rendered.
The copy of the judgment roll showed that the summons was signed "W. H.,
clerk, by F. F. S., deputy clerk." The officer's return of service was, "J. A.,
sheriff, by W. M., deputy sheriff." The date of the judgment was not stated, ex-
cept that the date when it was recorded appeared. The clerk's certificate to the
roll stated that he was county clerk of the city and county of San Francisco, and
*ex officio* clerk of the District Court. It was signed "W. H., County Clerk," and
was under seal. The certificate of the judge recited that the District Court was
a court of record, having a clerk and seal, and that W. H. was county clerk, and
was at the time of signing the attestation *ex officio* clerk of the District Court.
*Held*, that exceptions taken to a refusal by the judge presiding at the trial to rule
that the copy of the record showed no legal process or valid summons, and that
there was no sufficient evidence of the date of the alleged judgment, or that any
judgment was rendered as alleged, were frivolous, and must be overruled, with
double costs.

CONTRACT upon a judgment recovered by the plaintiff against
the defendant in the District Court of the 19th Judicial District
of California.

At the trial in the Superior Court, before *Lord*, J., the plain-
tiff introduced evidence that, when service in the original suit
was made, the defendant lived in California, and within the juris-
diction of the court which rendered the judgment sued on. He
also put in evidence a copy of the original judgment roll and
exemplification of the record on file in the clerk's office of said
District Court. It appeared by this record that the summons
was signed "William Harney, Clerk, by Frank F. Stone, Dep-
uty Clerk." The officer's return of service on the defendant
was signed "James Adams, Sheriff, by Wm. Martin, Deputy
Sheriff." Judgment was rendered on default; but the date of
the judgment was not stated, except that the roll showed that
the judgment was recorded March 27, 1873. The certificate of
the clerk, to which a seal was affixed, was as follows: "I, Wil-
liam Harney, county clerk of the city and county of San Fran-
cisco, and *ex officio* clerk of the District Court of the 19th Judicial
District of the State of California, in and for the city and county
of San Francisco, State of California, do hereby certify the fore

going to be a full, true and correct copy of the original judgment roll on file and of record in my office in the above entitled cause. That the same constitute a full and complete exemplification of the said record in the said cause, and of the whole thereof. And that I have compared the same with the original thereof. All which I have caused to be exemplified according to the act of Congress. In witness whereof, I have hereunto set my hand and affixed the seal of said court, this third day of April A. D. 1873. William Harney, County Clerk."

The certificate of the judge was as follows: " I, E. D. Wheeler, sole judge of the District Court of the 19th Judicial District of the State of California, in and for the city and county of San Francisco, do hereby certify that said court is a court of record, having a clerk and seal; that William Harney, who has signed the annexed attestation, is the duly elected and qualified county clerk of the city and county of San Francisco, and was, at the time of signing said attestation, *ex officio* clerk of said District Court; that said signature is his genuine handwriting, and that all his official acts, as such clerk, are entitled to full faith and credit. And I further certify that said attestation is in due form of law. Witness my hand this third day of April A. D. 1873. E. D. Wheeler, Judge of the District Court of the 19th Judicial District of the State of California, in and for the city and county of San Francisco."

The defendant contended and asked the court to rule that the copy of the record showed that there was no legal process upon which a valid judgment could be rendered; that it showed that the summons was defective in not having been properly signed and attested, and that there was no appearance by the defendant in that suit; that it further showed there was no legal service or proper evidence of service of process upon the defendant; and requested the judge to rule that there was no sufficient evidence in the case of the date of the alleged judgment, and that there was not legal and sufficient evidence that any judgment whatever was rendered as alleged.

The judge declined so to rule. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. B. Coffin*, for the defendant. 1. The paper purporting to be a copy of the original judgment roll, which was offered, is not

competent or sufficient evidence that the alleged judgment was rendered, for the reason that the copy is not attested by the clerk of the court in which the plaintiff claims to have recovered judgment. The U. S. St. of 1790, *c.* 11, prescribes the manner in which such records shall be proved, and provides, among other things, that they shall be proved " by the attestation of the clerk and the seal of the court annexed." The copy in this case is attested by the " County Clerk," and not by the clerk of court. The certificate of attestation purports to be made by the signer in his capacity as county clerk. *Commonwealth* v. *Blood,* 97 Mass. 538.

2. Even had the certificate of attestation been signed by the county clerk in his capacity as clerk of the court, there was no proper evidence in the case that the person who signed the certificate was in fact clerk of the court. This fact, if true, should have been proven by producing the statutes of California. The laws of another state are facts of which the courts of this Commonwealth cannot take notice until they are duly proved. *Knapp* v. *Abell,* 10 Allen, 485. *Kline* v. *Baker,* 99 Mass. 253.

3. The record must be verified in strict conformity to the provisions of the act of Congress. The certificate of the judge cannot cure a failure to comply with that act.

4. The provision in the Constitution of the United States, art. 4, § 1, means that full faith and credit shall be given to judicial proceedings in other states only when they come authenticated according to law. In the case at bar, as the attestation was illegal, and as there was no proper evidence that the signer was the authorized clerk, the judge should have construed the contents of the exemplification by the laws of this Commonwealth. There is no presumption that the laws of another state differ from the common law or from the laws of our own state.

5. The signature to the summons, " William Harney, Clerk, by Frank F. Stone, Deputy Clerk," is neither the signature of the clerk nor of the deputy. It is not a summons to which the defendant was bound to answer. Nor does the officer's return contain any evidence of a service of the summons, for like reasons. It is signed " James Adams, Sheriff, by Wm. Martin, Deputy Sheriff." As the defendant did not appear, the process furnished no legal foundation upon which a judgment could be rendered.

*J. S. Abbott & E. Hutchinson*, for the plaintiff, were not called upon, and moved for double costs, under the Gen. Sts. *c.* 112, § 13.

BY THE COURT.  The copy of the record of the judgment in California is sufficiently certified.  The exceptions appear to the court to be frivolous, and are therefore

*Overruled, with double costs.*